[No. 2044.]

THE BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY v. ADAMS.

1. PRACTICE—JURIES—REGULAR PANEL—OPEN VENIRE—PRESUMPTION.

Where a party in district court asked for a jury from the regular panel and none such being in attendance, a jury was offered to be brought in by open venire which was declined by the party and the case was set for trial over the protest of the party, on appeal in the absence of a showing to the contrary it will be presumed that the contingency existed, authorizing the court to cause a jury to be summoned by open venire.

2. PRACTICE—PREPARATION FOR TRIAL—CONTINUANCE.

An objection that a party was forced to trial before he was prepared for it, is without force in the appellate court, where there was no attempt at a showing why the party was not prepared, no suggestion of surprise and no application for a continuance.

3. EVIDENCE—CLAIM AGAINST COUNTY—PARTIES.

On appeal to the district court from an order disallowing a claim for care and custody of an insane person, it was not error to admit in evidence the order of the county court committing the person to the sheriff of the county, on the ground that the claim was presented to the board in the individual name of plaintiff, where it appears that the sheriff and plaintiff are one and the same person.

4. INSANE FEMALE—CUSTODY—STATUTORY CONSTRUCTION.

The statute requiring that a female lunatic, in the absence of some member of her family, shall be accompanied to the insane asylum by a female attendant does not require the county court to commit such female patient to a female custodian when retained in the county of her commitment, and the county court has authority to commit such patient to the custody of the sheriff.

*Appeal from the District Court of Garfield County.*

Mr. C. W. DARROW, for appellant.

VOL. XVI—33

No appearance for appellee.

WILSON, P. J.

Upon due inquest by the county court of Garfield county, Ella O'Reilly was adjudged to be insane, and was ordered committed to the state asylum for the insane, as provided by law. It being ascertained, however, that there was no room at the state asylum for the accommodation of the lunatic, a new order was issued by the court, directing that she be committed to the care and custody of the sheriff of Garfield county until such time as she could be received at the asylum, and that in the meantime the sheriff should retain custody of, and properly care for her. Thereafter the sheriff presented to the county commissioners a claim for $40.00, for taking care of the lunatic for a period of twenty days. The claim was disallowed by the commissioners, and from this action appeal was taken to the district court. There trial was had, and judgment was rendered in favor of the claimant. Neither the rendition nor value of the services seem to have been disputed, and no evidence was presented on behalf of the county.

The first objection urged by the county commissioners was as set forth in the bill of exceptions, appellant asked "for a jury from the regular panel, and none such being in attendance, a jury was tendered to be brought in on an open venire, which was declined, and this case having been set over the protest of appellant for want of time within which to prepare for trial, announces itself under the circumstances ready for trial." It is impossible to determine from the abstract, from the record, or from the bill of exceptions, why a regular panel of jurors was not in attendance, whether because of a failure of the board of commissioners to have taken the steps which the statute directed concerning certification of the names of jurors, or whether from any other cause. It has been settled by repeated adjudications of both appellate courts in this jurisdiction, that upon appeal until the con-

trary is shown, the presumption obtains in favor of the regularity of all proceedings of the district court. Besides, the statute expressly provides that in certain contingencies, the court shall have power to cause a jury to be summoned by open venire, as theretofore practiced. Laws 1891, sec. 5, p. 251; *County Comrs. v. Brown*, 2 Colo. App. 476. No showing is made that the contingency specified in the statute did not exist, and it must therefore be presumed that the action of the court was regular.

The second assignment of error rests upon the bare statement of counsel that the case was forced to trial before he was prepared for it. There was no attempt at any showing as to why he was not prepared,—no suggestion of surprise, or absence of witnesses, nor any application for a continuance. Under these circumstances, it is almost needless to say that the objection is absolutely without any force.

Counsel also contend that it was reversible error for the court to permit the introduction in evidence of the order of the county court committing the insane person to the custody and care of the sheriff of the county, upon the ground that the claim presented for allowance was in favor of one F. W. Adams, and not of the sheriff. It sufficiently appears from the record,—in fact, from the statements and admissions of counsel for the county himself during the trial,— that the sheriff and F. W. Adams were one and the same person. The fact that the bill was made out in the name of the claimant without the addition of his official title was wholly immaterial.

Defendant also urges that the county court was without authority to make the order which it did with reference to the custody of the lunatic, for the reason that the lunatic being a woman, it was necessary under the statute to have committed her care and custody to some female custodian. Counsel is mistaken in his reading of the statute. Laws, 1893, sec. 3, p. 332. The law requires that a female patient shall be accompanied, in the absence of some member of her family, by a female attendant, in being conducted to the state insane

asylum, but there is no such requirement as to a custodian, when the patient is retained in custody in the county of her commitment. See the second proviso of the section last cited.

These are all the assignments of error presented in the brief of counsel, and none of them being sufficient to show error in the trial court, the judgment will be affirmed.

*Affirmed.*